**An Na PENG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–74308, 03–71008.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Feb. 15, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Gordon T. Yang, Esq., Lynch Ichida Thompson Kim & Hirota, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BRUNETTI, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioner An Na Peng appeals four Board of Immigration Appeals ("BIA") decisions: (1) its affirmance of the immigration judge's ("IJ") decision denying asylum; (2) its denial of her motion to remand based on ineffective assistance of prior counsel; (3) its denial of her motion to remand (treated by the BIA as a motion to reopen) for adjustment of status; and (4) its denial of her motion to reconsider these three decisions. We deny the petition as to the first, second, and fourth claims, and grant it as to the third.

As to claim one, the BIA's affirmance of the IJ's decision denying asylum, we deny the petition because the IJ's decision is supported by substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir. 1995). As to claim two, the BIA's denial of her motion to remand based on ineffective assistance of counsel, we deny the petition because Petitioner has failed to demonstrate prejudice. *Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003). And as to claim four, the BIA's denial of her motion to reconsider, we deny the petition as moot in light of our decision today.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

As to claim three—the BIA's denial of her motion to remand (treated by the BIA as a motion to reopen) for adjustment of status—we grant the petition on the ground that Peng received ineffective assistance of counsel. Ordinarily, to prevail on a claim of ineffective assistance, Petitioner must establish (i) substantial compliance with the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), and (ii) prejudice. *Iturribarria*, 321 F.3d at 899–900.

Here, our application of *Lozada* is unusual in that the ineffective assistance claim concerns current rather than former counsel. But we have flexibly applied the *Lozada* requirements in situations where, as here, "the record shows a clear and obvious case of ineffective assistance." *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226–27 (9th Cir.2002) (failure to submit asylum applications); *accord Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000) (missed filing deadlines). Moreover, Petitioner has suffered prejudice in that her counsel's failure to attach required documentation to her motion to remand—documentation that establishes her statutory eligibility for adjustment of status—has precluded the BIA from considering the merits of that application.

Therefore, the petition for review of the BIA's denial of Petitioner's motion to remand (treated by the BIA as a motion to reopen) for adjustment of status is GRANTED and the case is REMANDED to the BIA for consideration of Petitioner's application for adjustment of status on the merits. In all other respects, the petitions for review are DENIED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.